UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-115 (DWF/TNL)
Criminal No. 24-300 (DWF/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALFONSO LEE SEALS,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Alfonso Lee Seals, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment in Case No. 24-CR-115 (DWF/TNL), which charge the defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(8), and to Count 1 of the Indictment in Case No. 24-CR-300 (DWF/TNL), which charges the defendant with Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 2 and 1951. The defendant

1

fully understands the nature and elements of the crime with which he has been charged.

Upon imposition of sentence, the government agrees to move to dismiss Count 2 of the Indictment in Case No. 24-CR300 (DWF/TNL), which charges the defendant with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Counts 1 and 2 of the Indictment in Case No. 24-CR-115 (DWF/TNL), as well as Count 1 of the Indictment in Case No. 24-CR-300 (DWF/TNL). In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Count 1, 24-CR-115(DWF/TNL): On June 14, 2023, just before midnight, Minneapolis police received a 911 call reporting a shootout between two cars along University Avenue Northeast. When police arrived, they found a car crashed into a utility pole. The car was still running and was recently abandoned. Bullet holes were in the roof of the car, and one of the windows was shot out.

Police found a firearm—a Glock model 27 .40 caliber pistol bearing serial number MTC122—on the floorboard of the driver's seat. Police also found multiple spent .40 caliber shell casings on and under the driver's seat and in

the 1400 block of University Avenue. The Glock had a device known as a "switch" or "auto-sear" attached to it. That device allowed the Glock to be fired as a fully automatic weapon, making it a machinegun under federal law. The Glock also had a large capacity magazine inserted in the magazine well. The Glock was loaded, with a live round in the chamber and live rounds in the magazine.

Forensic testing revealed that the defendant's DNA was recovered from the pistol. In text messages between the defendant and another from March 2023 through May 2023, the defendant repeatedly asked another to help him obtain a Glock and a switch. In late May 2023, the defendant posted a short video to Facebook in which he bragged about obtaining a Glock. The video showed a Glock pistol with a switch and extended magazine in the defendant's lap.

The Glock was not manufactured in Minnesota, meaning it necessarily traveled in interstate commerce before the defendant possessed it.

<u>Count 2, 24-CR-115 (DWF/TNL)</u>: On November 7, 2023, police executed a search warrant at another's home in Welch, Minnesota. The defendant and others were at the house at the time. During the search, police recovered a firearm—a Taurus model G2S 9-millimeter semi-automatic pistol bearing serial number ACC623262.

3

Forensic testing established that the defendant's DNA matched the major male DNA profile recovered from the firearm. The others present were excluded as conributors to the DNA profile. The Taurus model G2S was reported stolen from Mounds View, Minnesota, in October 2022, meaning it was stolen when the defendant possessed it. The firearm was not manufactured in Minnesota, meaning it necessarily traveled in interstate commerce before the defendant possessed it.

When the defendant knowingly possessed both the Glock model 27 .40 caliber pistol bearing serial number MTC122 on June 14, 2023, and the Taurus model G2S 9-millimeter pistol bearing serial number ACC623262, on November 7, 2023, he had been convicted of the following offenses, each of which was a crime of violence and punishable by imprisonment for a term exceeding one year:

| Offense | Place of Conviction | Date of Conviction (on or about) |
|---|---|---|
| Second-degree assault | Hennepin County, MN | October 2018 |
| First-degree aggravated robbery | Dakota County, MN | December 2018 |

Before both June 14, 2023, and November 7, 2023, the defendant knew he had been convicted of the above offenses. The defendant admits that he knowingly and willingly possessed a firearm on both June 14, 2013, and on November 7, 2023, within the State and District of Minnesota, despite knowing

4

he was prohibited from possessing any firearm. He agrees that he acted voluntarily and knew his actions violated the law.

Count 1, 24-CR-300 (DWF/TNL): On October 17, 2023, the defendant and an accomplice unlawfully obstructed, delayed, and affected interstate commerce, by robbing an Arco Marathon gas station and convenience store in Oakdale, Minnesota. The defendant entered the store, pointed a firearm at the employee cashier (Victim 1), ordered Victim 1 to his knees, and placed the barrel of the firearm against Victim 1's back. The defendant then ordered Victim 1 to stand up and, at gunpoint, forced Victim 1 to walk to the area behind the counter. There, the defendant repeatedly ordered Victim 1 to open the cash register and threatened to kill Victim 1. The defendant and his accomplice unlawfully took and obtained approximately $647 in U.S. currency, various alcoholic beverages, and various tobacco and vaping products while in the presence of Victim 1.

The firearm the defendant used in this robbery was neither the Glock nor the Taurus that formed the basis for Counts 1 and 2 in Case No. 24-CR-115 (DWF/TNL).

At the time of the robbery, the Arco Marathon was a commercial business engaged in interstate commerce. The defendant obtained the currency and other property against Victim 1's will by means of actual and threatened force, violence, and fear of immediate or future injury to Victim 1's person. The

defendant agrees that he acted voluntarily and knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives

each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.  **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.  **Statutory Penalties**. The defendant understands that Counts 1 and 2 of the Indictment in Case No. 24-CR-115 (DWF/TNL), both charging Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) are felony offenses that carry the following statutory penalties:

    a.    a maximum of 15 years in prison;

    b.    a supervised release term of at least 1 year up to a maximum supervised release term of 3 years;

    c.    a maximum fine of $250,000; and

    d.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

The defendant understands that Count 1 of the Indictment in Case No. 24-CR-300 (DWF/TNL), charging Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 2 and 1951 is a felony offense that carries the following statutory penalties:

    a.    a maximum of 20 years in prison;

    b.    a supervised release term of at least 1 year up to a maximum supervised release term of 3 years;

    c.    a maximum fine of $250,000;

    d.    restitution to victims as agreed to by the parties in this agreement; and

    e.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7.    **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

a. Case No. 24-CR-115 (DWF/TNL), Counts 1 and 2. The parties agree that the counts group and the base offense level is **26**. U.S.S.G. §§ 2K2.1(a)(1), 3D1.2(d). The parties agree that the offense level should be increased by **2** levels because the offense involved 3 firearms (the Glock, the Taurus, and one firearm that was not recovered but possessed in Case No. 24-CR-300 (DWF/TNL). U.S.S.G. § 2K2.1(b)(1).

The parties agree that the offense level should be increased by **2** levels because the defendant possessed a stolen firearm—the Taurus. U.S.S.G. § 2K2.1(b)(4). Because the cumulative offense level determined from the application of U.S.S.G. § 2K2.1(b)(1) through (b)(4) exceeds level 29, the parties agree that the cumulative offense level as discussed above is **29**.

The parties agree that the offense level should further increase by **4** levels because the defendant used and possessed a firearm—the Glock—in connection with another felony offense, to wit: felony drive-by shooting in violation of Minn. Stat. § 609.66, subd. 1e(a)(2), and intentionally discharging a firearm under circumstances that endanger the safety of another in violation of Minn. Stat. § 609.66, subd. 1a(a)(2), and because the defendant used and possessed the unrecovered firearm in connection with another felony offense, to wit: interference with commerce by robbery in violation of 18 U.S.C. § 1951. U.S.S.G. § 2K2.1(b)(6)(B).

The total offense level for this count is therefore **33**. The parties agree that no other Chapter 2 enhancements apply to these offenses.

b. Case No. 24-CR-300 (DWF/TNL), Count 1. The parties agree that the base offense level is **20**. U.S.S.G. § 2B3.1(a). The parties agree that the offense level should be increased by **6** levels because the defendant otherwise used a firearm. U.S.S.G. § 2B3.1(b)(2)(B). The offense level for this count is therefore **26**.

9

        The parties agree that the defendant is not a career offender because at the time of the offense, interference with commerce by robbery in violation of 18 U.S.C. § 1951 was not a crime of violence under the Guidelines. The parties agree that no other Chapter 2 enhancements apply with respect to this offense.

c.    <u>Chapter 3 Adjustments</u>. The parties agree that the calculations for Counts 1 and 2 for Case No. 24-CR-115 (DWF/TNL) and the calculation for Count 1 for Case No. 24-CR-300 (DWF/TNL) are closely related counts. U.S.S.G. § 3D1.2(c). The highest offense level is **33**. U.S.S.G. § 3D1.3(a). The parties agree that aside from acceptance of responsibility, no other Chapter 3 adjustments apply.

d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

        Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

    e.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **V**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    f.    <u>Guidelines Range</u>. If the adjusted offense level is **30**, and the criminal history category is **V**, the Sentencing Guidelines range is **151-188 months of imprisonment**.

    g.    <u>Fine Range</u>. If the adjusted offense level is **30**, the Sentencing Guidelines fine range is **$30,000-$250,000**. U.S.S.G. § 5E1.2(c).

    h.    <u>Supervised Release</u>. The Sentencing Guidelines' term of supervised release is **1 year** to **3 years**. U.S.S.G. § 5D1.2.

8.    **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the

defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The defendant agrees to recommend a sentence of no fewer than **151 months' imprisonment**. The government agrees to recommend a sentence of no greater than **188 months' imprisonment**. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the

defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

12. **Restitution Agreement.** The defendant understands and agrees that 18 U.S.C. § 2259 applies and that the Court is required to order the defendant to make restitution to the victims of his crime. The defendant agrees that he owes restitution and agrees that the Court shall order him to pay restitution in the amount of $4,614 to Shree Pramukh, Inc.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States,

the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.**

Counts 1 and 2, Case No. 24-CR-115 (DWF/TNL). The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following firearm(s) and associated accessories and ammunition:

    a. A Glock model 27 .40 caliber pistol bearing serial number MTC122 and any ammunition and magazines seized therewith; and

    b. A Taurus model G2S 9-millimeter semi-automatic pistol bearing serial number ACC623262 and any ammunition and magazines seized therewith.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

Count 1, Case No. 24-CR-300 (DWF/TNL). The defendant further agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived

from proceeds traceable to the offense. If any of the above-described property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for 21 U.S.C. § 853(p). The defendant shall also forfeit to the United States, pursuant to 28 U.S.C. § 2461(c), any firearms, accessories, or ammunition involved in or used in the commission of the offense.

15. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above **188 months' imprisonment**.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For

purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below **151** months' imprisonment (insert other, such as retaining right to appeal a Guidelines determination).

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in

connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

ANDREW M. LUGER
United States Attorney

Date: 23 December 2024

BY: *Campbell Warner*
Campbell Warner
Assistant United States Attorney

Date: 12-23-24

*Alfonso Lee Seals*
Alfonso Lee Seals
Defendant

Date: 12/23/24

*James M. Ventura*
James M. Ventura
Counsel for Defendant